Billy W. WHITE, Plaintiff-Appellant,

v.

UNITED STATES of America,
Defendant-Appellee.

No. 29238

Summary Calendar.*

United States Court of Appeals,
Fifth Circuit.

Sept. 11, 1970.

Billy W. White, pro se.

H. M. Ray, U. S. Atty., Norman L. Gillespie, Asst. U. S. Atty., Oxford, Miss., for defendant-appellee.

Before BELL, AINSWORTH and GODBOLD, Circuit Judges.

PER CURIAM:

This appeal is taken from an order of the district court denying the motion of a federal convict to vacate sentence pursuant to 28 U.S.C. § 2255. We affirm.

■ Appellant, acting pro se and having waived counsel, was convicted on his pleas of guilty of concealing and selling a stolen motor vehicle in interstate commerce, violations of 18 U.S.C. §§ 2312 and 2313. He was sentenced to consecutive terms of two years four months and two years, on December 9, 1966. In his § 2255 motion he alleged that he was under the influence of drugs prescribed by a physician when he waived counsel and indictment and entered a plea of guilty, and therefore his plea was involuntary. He also alleges he was not advised of his right to counsel prior to sentencing.

An evidentiary hearing was held in the district court following which relief was denied, the court stating its findings of fact and conclusions of law from the bench. The court below found that at the time of arraignment and sentenc-

* [1] Rule 18, 5 Cir.; See Isbell Enterprises, Inc. v. Citizens Casualty Co. of New York, et al., 5 Cir., 1970, 431 F.2d 409, Part. I.

ing appellant was competent and in full possession of his faculties. The court further found that appellant was adequately advised of his right to counsel, of the nature of the charges against him, and the possible consequences of his plea; that appellant fully understood the effect of his waiver of counsel and indictment, and knowingly, understandingly, and voluntarily waived counsel and pled guilty.

As to the allegation that appellant was under the influence of drugs when he appeared for arraignment and sentencing, the court below found that the doctor who treated the inmates of the jail where appellant was held had prescribed medication for defendant during this time, but in doses which would not impair the defendant's faculties. The medicine was held by the jailer and administered at the prescribed times in the prescribed doses.

The transcript of the § 2255 hearing, reveals ample support for the findings of the district court. The judgment below is affirmed.

Affirmed.